IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| BRENDA L. SWENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:05-00121 |
| | ) |
| MICHAEL J. ASTRUE, | ) Judge Nixon |
| Commissioner of Social Security, | ) Magistrate Judge Bryant |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff Brenda L. Swenson's ("Plaintiff" or "Swenson") Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 16), to which Defendant ("Defendant" or "Commissioner") filed a Response in Opposition ("Response") (Doc. No. 20). Magistrate Judge Bryant ("Magistrate Judge") issued a Report and Recommendation ("Report") on June 20, 2007 that Plaintiff's Motion be denied, and the findings of the Commissioner be affirmed. (Doc. No. 22). Plaintiff filed timely Objections to the Magistrate Judge's Report ("Objections") (Doc. No. 23).

The Court has reviewed *de novo* the entire record and the pleadings, including those portions of the Report to which Plaintiff objects. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Judgment on the Administrative Record, **ADOPTS** the Magistrate Judge's Report in its entirety, and **AFFIRMS** the decision of the Commissioner.

## I. BACKGROUND

### A. *Procedural Background*

Plaintiff previously filed an application for Disability Insurance Benefits ("DIB") on July 26, 2000, alleging disability from January 6, 2000. (Administrative Record ("AR") 82-84). The application was denied initially and upon reconsideration. (AR 48-51).

Plaintiff filed her current application for DIB on July 10, 2002, alleging disability from November 10, 1999 due to herniated discs in the neck, headaches, and depression. (See AR 18). Plaintiff's application was denied both initially (AR 46-47) and upon reconsideration (AR 44). Plaintiff subsequently requested and received a hearing. (AR 44). Plaintiff's hearing was conducted on September 16, 2004, by Administrative Law Judge ("ALJ") William P. Newkirk. (AR 527). Plaintiff appeared at the hearing and testified. (AR 527-45).

On October 22, 2004, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations ("Act") (AR 14-26).

On November 30, 2004, Plaintiff timely filed a request for review of the hearing decision. (AR 12). On October 3, 2005, the Appeals Council issued a letter declining to review the case (AR 6-8), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction over it pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

On June 20, 2007, the Magistrate Judge recommended that Plaintiff's Motion be denied. (Doc. No. 22). Plaintiff filed Objections to the Magistrate Judge's findings. (Doc. No. 23).

### B. *Factual Background*

The Court adopts that portion of the Magistrate Judge's Report that addresses Plaintiff's

history and medical evidence. (Doc. No. 22 at 5-19).

## II. STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1369 (6th Cir. 1991). The Court's review of the portions of the Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b). The purpose of this review is to determine: (1) whether substantial evidence exists in the record to support the Commissioner's decision; and (2) whether any legal errors were committed in the process of reaching that decision. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

Under the first prong of the review, "substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r of Soc. Sec.,105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. Her, 203 F.3d at 389 (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. Hurst v. Sec'y of Health & Human Servs., 753 F.2d 517, 519 (6th Cir. 1985)

(citing Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980)).

Under the second prong of the review, finding "legal errors" requires determining whether the Commissioner applied the correct legal standard to the evaluation. See Preslar v. Sec'y of Health & Human Servs., 14 F.3d 1107, 1113 (6th Cir. 1994). Generally, the Commissioner's determination is entitled to deference by the court. See Whiteside v. Sec'y of Health & Human Servs., 834 F.2d 1289, 1292 (6th Cir. 1987); Merz v. Sec'y of Health & Human Servs., 969 F.2d 201, 203 (6th Cir. 1992); Salamackis v. Comm'r of Soc. Sec., 221 F.3d 828, 832 (6th Cir. 2000).

In reviewing the decisions of the Commissioner, courts look to four (4) types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. Miracle v. Celebrezze, 351 F.2d 361, 374 (6th Cir. 1965).

## III.  DISCUSSION

In her Objections to the Report, Plaintiff argues that the Magistrate Judge erred in concluding that substantial evidence exists to support the ALJ's rejection of the opinions of Ms. Swenson's treating mental health clinicians, and rejection of Ms. Swenson's subjective complaints. (Doc. No. 23).

### A. *Substantial Evidence Supports the ALJ's Rejection of the Opinions of Ms. Swenson's Treating Clinicians.*

The Magistrate Judge found that the ALJ reasonably relied on the lack of evidence establishing a Global Assessment of Functioning ("GAF") score of 50 for twelve (12) continuous months, where the evidence otherwise indicated that progress was made at her counseling sessions and her GAF during her insured period was more frequently assessed as 55, a score

indicating moderate symptoms. In addition, the Magistrate Judge found that it was not until 2003-2004, well past the March 2002 date last insured in this case, that Ms. Swenson's psychological symptoms consistently garnered GAF scores and other assessments showing "serious" or "marked" limitations in function. Therefore, the Magistrate Judge found that the ALJ's decision was supported by substantial evidence. (Doc. No. 22).

In support of her first Objection, Plaintiff argues that the ALJ erroneously concluded that she was not disabled due to her mental impairments based on the absence of GAF scores of 50 for twelve (12) consecutive months. The correct analysis, Plaintiff contends, should focus on whether, in light of the severity of a person's mental impairments, he or she can sustain "work activity on a regular and continuing basis." 20 C.F.R. 404.1545(c). Plaintiff contends that the record contains multiple GAF scores below 55 during Plaintiff's insured period, as well as observations by Ms. Swenson's treating clinicians, demonstrating that Plaintiff cannot sustain work activity and should have been found to be disabled. (Doc. No. 23).

The claimant carries the ultimate burden of establishing an entitlement to benefits based on his or her inability to engage in substantial gainful activity due to an impairment that can be "expected to last for a continuous period of not less than twelve (12) months." See 42 U.S.C. § 423(d)(1)(A). Therefore, the Court finds that the ALJ's reliance on the absence of GAF scores of 50, indicating severe symptoms or limitations, for a continuous period of twelve (12) months is appropriate in light of other evidence in the record indicating that Ms. Swenson had made progress in her treatment and presented normal behavior during her insured period. In addition, as the Magistrate Judge also noted, only two (2) of Plaintiff's ten (10) record citations support the assessment of a GAF of 50 during Plaintiff's insured period. (See AR 436, 439-40). Plaintiff's GAF was frequently assessed as 55, a score indicating moderate symptoms. (See AR 432-33, 435, 437, 442, 448, 450, 454).

Therefore, the Court finds that substantial evidence exists to support the ALJ's rejection of the opinions of Ms. Swenson's treating clinicians.

B. *Substantial Evidence Supports the ALJ's Rejection of Ms. Swenson's Subjective Complaints of Pain.*

The Magistrate Judge found that the ALJ discounted Plaintiff's subjective complaints in part because he doubted the candor of her representations as to the origin of her pain and the success of her physicians' treatment of it, and in part because the record does not show that her symptoms are of disabling intensity and persistence. (Doc. No. 22). The Magistrate Judge concluded that the inconsistencies identified by the ALJ were unreasonable and did not provide grounds for discrediting Plaintiff's subjective complaints. However, the Magistrate found that:

> it appears that the ALJ's treatment of plaintiff's subjective pain complaints is otherwise supported by substantial evidence. The ALJ twice cited his consideration of the criteria listed in 20 C.F.R. § 404.1529 and S.S.R. 96-7p . . . and also noted his consideration of those medical opinions which reflect judgments about the severity of plaintiff's impairments and resulting symptoms. While the ALJ did not specifically discuss each of the factors in § 404.1529(c)(3), it does not appear that plaintiff's case for disability is not significantly bolstered by those factors, much less the medical record of her impairments and symptoms prior to March 31, 2002.

(Doc. No. 22) (internal citations omitted). The Magistrate Judge went on to discuss the criteria contained in 20 C.F.R. § 404.1529, and concluded that substantial evidence supported the ALJ's decision. (Id.)

In her Objection to this portion of the Report, Plaintiff argues that the ALJ relied solely on alleged inconsistencies in the record. Therefore, in light of the Magistrate Judge's conclusion that the alleged inconsistencies did not support the ALJ's rejection of Ms. Swenson's subjective complaints, and the ALJ's failure to discuss the factors listed in 20 C.F.R. § 404.1529, Plaintiff argues that the Commissioner should be reversed. Specifically, Plaintiff contends that reversal is warranted because the ALJ did not comply with the part of Social Security Ruling 96-7p that

-6-

requires that the decision "contain specific reasons for the finding on credibility, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." S.S.R. 96-7p, 1996 WL362209, 61 FED. REG 34483. (Doc. No. 23).

An ALJ may properly consider the credibility of a claimant when making his disability determination, and that finding is due great weight and deference. Jones v. Comm'r of Soc. Sec., 336 F.3d 469 (6th Cir. 2003). In considering the ALJ's finding on the weight of a plaintiff's subjective complaints, this Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [plaintiff] are reasonable and supported by substantial evidence in the record." Id. at 476.

The Court finds that the Magistrate Judge's thorough discussion of the evidence supporting the ALJ's rejection of Ms. Swenson's complaints of disabling pain is accurate and the Court adopts it in its entirety. Thus, while the ALJ could have addressed the subject of Plaintiff's pain with more particularity, his citation of the relevant standards and his finding that the limited record of Plaintiff's treatment during her insured period did not support a finding of disabling pain is sufficient – on this record – to withstand the scrutiny of this Court.

## IV. CONCLUSION

In sum, the Court finds that the Magistrate Judge reached the correct conclusions in his Report and therefore **ADOPTS** it in its entirety. For the reasons set forth in the Magistrate Judge's Report and this Order, the Court **DENIES** the Plaintiff's Motion and **AFFIRMS** the Commissioner's judgment. This Order terminates this Court's jurisdiction over the above-styled

action, and the case is dismissed.

    It is so ORDERED.

    Entered this the \_\_\_\_4th\_\_\_\_ day of December, 2007.

                                  JOHN T. NIXON, SENIOR JUDGE
                                  UNITED STATES DISTRICT COURT